IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL BROWN, #304147 | : |
| Plaintiff | : |
| v. | : Civil Action No. L-11-619 |
| GARY D. MAYNARD, et al. | : |
| Defendants | : |

**MEMORANDUM**

On March 7, 2011, this counseled, fee-paid 42 U.S.C. § 1983 Complaint was filed on behalf of Maryland Division of Correction ("DOC") inmate Michael Brown ("Brown"). The Complaint names agency and prison administrators along with security staff at the Western Correctional Institution ("WCI") raising a failure-to-protect claim. For the reasons stated below, the Court will, by separate Order, DISMISS the Complaint.

**I.   BACKGROUND**

Brown states that on December 28, 2005, the Office of the United States Attorney for the District of Maryland wrote a letter informing Brown's WCI case manager that Brown was in danger while in the DOC and requested that he be placed in protective custody.[1] He complains that while housed on WCI protective custody on December 28, 2006, he was attacked by other protective custody inmates with homemade weapons (metal locks and cans in socks) while in the protective custody recreation yard. Brown claims that he was struck in the face, arm, and back; the attack lasted for ten to fifteen minutes; and he incurred wounds and suffered a back injury. He complains

---

[1] Counsel indicates that a copy of the letter is attached to the Complaint as "Exhibit A." The exhibit did not accompany the Complaint.

that this was the second attack he suffered in the same unit and place. Brown alleges that on an unspecified prior date he was cut with a prison shank by another protective custody unit inmate. He asserts that prior to the second assault on December 28, 2006, he informed protective custody unit officers and the administrative officer, who interviewed him after the first attack, that there was "a hit out on his life in retaliation for his prior assistance to the Federal authorities." (ECF No. 1 at pgs. 4-5). He contends that prison officials took no action to protect him from the December 28, 2006 assault at issue in this case. Brown levels Eighth and Fourteenth Amendment civil rights charges against Defendants, claiming that they were deliberately indifferent to a known threat to his life and they failed to "provide adequate supervision and security" of the WCI protective custody recreation yard.

## II.     STANDARD OF REVIEW

The filing fee has been remitted in this case. Nonetheless, it is well established that a court has broad inherent power sua sponte to dismiss an action, or part of an action, which is frivolous, vexatious, or brought in bad faith. See Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 ($2^d$ Cir. 2000) (district courts have the authority to dismiss frivolous complaint sua sponte, notwithstanding the payment of the filing fee); Crowley Cutlery Co. v. United States, 849 F.2d 273, 277 (7th Cir. 1988) (federal district judge has authority to dismiss a frivolous suit on her own initiative); Brown v. District Unemployment Compensation Board, 411 F. Supp. 1001 (D.C. 1975) (district court has inherent power to control the judicial process and dismiss frivolous or harassing action sua sponte). Therefore, this Court has the discretion to dismiss a case at any time, notwithstanding the payment of any filing fee or any portion thereof, if it determines that the action is factually or legally frivolous.

**III.    ANALYSIS**

In the instant complaint Brown alleges civil rights violations associated with the December 28, 2006 inmate assault in the WCI protective custody recreation yard. To the extent he seeks review under the civil rights statutes, his claims are time-barred.

Gaps in federal civil rights acts should be filled by state law, as long as that law is not inconsistent with federal law. See Burnett v. Grattan, 468 U.S. 42, 47-48 (1984). Because no federal statute of limitations governs, federal courts routinely measure the timeliness of federal civil rights suits by state law. Id., at 49; see also Chardon v. Fumero Soto, 462 U.S. 650, 655-656 (1983); Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 464 (1975). The tradition of borrowing analogous limitations statutes is premised on a congressional decision to defer to "the State's judgment on the proper balance between the policies of repose and the substantive policies of enforcement embodied in the state cause of action." Wilson v. Garcia, 471 U.S. 261, 271 (1985). Consequently, upon review of Maryland's limitations provisions, it appears that Maryland's general three-year statute of limitations for civil actions is most applicable to the case at bar. See Md. Code Ann., Cts. & Jud. Proc., § 5-101; see also Wallace v. Kato, 549 U.S. 384, 387 (2007) (state statute of limitations for personal-injury torts applies in a 42 U.S.C. § 1983 action).

Although the state statute of limitations applies, the time of accrual of the action is a federal question. See Wallace, 549 U.S. at 388; Cox v. Stanton, 529 F.2d 47, 50 (4th Cir. 1975). The running of the statute of limitations begins when Brown knows or has reason to know of his injury. (Id.). Here, Brown at the latest should have known of his injuries in December of 2006, when he was allegedly assaulted for the second time in the WCI protective custody recreation yard. Because the instant Complaint was filed more than four years later, the statute of limitations now bars consideration of Brown's civil rights claims.

## IV.  CONCLUSION

For the foregoing reasons, the Court will, by separate Order DISMISS the Complaint as barred under the applicable statute of limitations.

Dated this 11th day of March 2011.

/s/
_____
Benson Everett Legg
United States District Judge